THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JEFFRIES QUANTEZ BUTTS,

Plaintiff,

v.

STATE OF MISSSISSIPPI, *et al.*,

Defendants.

CASE NO. C25-1669-JCC

ORDER

This matter comes before the Court *sua sponte*, following the Court's granting of leave to proceed *in forma pauperis* (Dkt. No. 4), followed by the lodging of Plaintiff's civil rights complaint (Dkt. No. 5). More recently, Plaintiff moved for the appointment of counsel (Dkt. No. 8).

In Plaintiff's complaint, he alleges that the State of Mississippi unlawfully refuses to remove him from its sex offender registry even though, says Plaintiff, he "successfully petitioned for and was granted full relief from registration obligations, pursuant to Washington law." (Dkt. No. 5 at 2.) Plaintiff seeks relief against the State of Mississippi and its Office of the Attorney General in accordance with 42 U.S.C. § 1983. (*See generally id.*) Plaintiff further asks for the appointment of counsel here to assist in prosecuting this claim. (*See generally* Dkt. No. 8.)

As a preliminary matter, this does not appear to be the appropriate venue. Rather the District Court for the Southern District of Mississippi, namely the Northern (Jackson) Division,

is where a "substantial part of the events or omissions giving rise to the claim occurred" as alleged. 28 U.S.C. §1391(b)(2). **Thus, Plaintiff is ORDERED to show cause why this case should not be dismissed without prejudice pursuant to 28 U.S.C. § 1406 (as being filed in the wrong venue) within 21 days of this order.** Assuming the Court so dismisses this matter, Plaintiff may refile it in the appropriate venue.

As to Plaintiff's request for the appointment of counsel (in this District), the request is mooted by the issue above. If it weren't though, the Court notes that appointment of *pro bono* counsel is "a privilege and not a right." *United States ex rel. Gardner v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965). The decision to do so always rests with "the sound discretion of the trial court." *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). And while the Court can do so pursuant to 28 U.S.C. § 1915(e)(1),[1] it is limited to "exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). This "requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (alteration in original) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). And here, the Court cannot presently find such circumstances. Accordingly, the motion to appoint counsel is DENIED without prejudice.

DATED this 14th day of September 2026.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

[1] 28 U.S.C. § 1915 does not actually authorize the Court to force a lawyer to take a case. Nor does the Court have staff attorneys standing by to represent *pro se* litigants. Instead, the Court may only "request" that an attorney represent an indigent litigant. 28 U.S.C. § 1915(e); *see also Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 307 (1989) (holding that § 1915(e) authorizes "courts to ask but not compel lawyers to represent indigent litigants.")